# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Walter C Goedecke, | No. CV-16-03432-PHX-JAT (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Mooney, et al., | |
| Defendants. | |

This is a civil rights action initiated by Arizona state prisoner Walter C. Goedecke ("Plaintiff") pursuant to 42 U.S.C. § 1983. The Court ordered Defendants Mooney, Thomas, Headstream, and Black to answer Counts One, Two, and Three of the Complaint (Doc. 1). (Doc. 6 at 10). Defendants Mooney, Headstream, and Black have answered the Complaint (Docs. 15, 18). Service was returned unexecuted as to Defendant Thomas on May 18, 2017 (Doc. 10).

On March 29, 2017, the Court ordered the Plaintiff to "either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later," or "the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii)." (Doc. 6 at 10). The time for executing service of process on Defendant Thomas has expired, and no affidavit of service or waiver of service has been filed. Plaintiff will be ordered to show cause no

later than November 6, 2017 why his Complaint (Doc. 1) as to Defendant Thomas should not be dismissed without prejudice for failure to timely serve.

On June 12, 2017, Plaintiff filed a Second Amended Complaint (Doc. 14). The Second Amended Complaint does not comply with Local Rule of Procedure 15.1, which requires an amended pleading to indicate in what respect it differs from the original pleading "by bracketing or striking through the text that was deleted and underlining the text that was added." The Court notes that Plaintiff has added and deleted language in each of Counts One, Two, and Three without bracketing or striking through the text deleted and underlining text that was added.

A district court's local rules are not petty requirements, but have "the force of law." *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (citation omitted). The Ninth Circuit has made clear that a pro se litigant must "abide by the rules of the court in which he litigates." *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007). The District Court of Arizona routinely denies parties the opportunity to amend a complaint for failure to comply with LRCiv 15.1. *See, e.g., Bivins v. Ryan*, No. CV–12–1097– PHX–ROS (LOA), 2013 WL 321847, at *4 (D. Ariz. Jan. 28, 2013); *Huminski v. Heretia*, No. CV11-0896-PHX-DGC, 2011 WL 2910536, at *1 (D. Ariz. July 18, 2011); *Miles v. King*, No. CV-13-370-PHX-SRB (LOA), 2013 WL 5526997 (D. Ariz. Oct. 7, 2013). The Court will strike the Second Amended Complaint (Doc. 14) without prejudice.

The Court previously struck Plaintiff's First Amended Complaint for failure to comply with the Federal and Local Rules of Civil Procedure (Doc. 12 at 2). The time to file motions to amend the complaint and to join additional parties expired on August 21, 2017 (Doc. 16 at 4). Therefore, should Plaintiff wish to amend his Complaint (Doc. 1), he must set forth good cause to do so after the expiration of the deadline, and he will be moving to amend the Complaint (Doc. 1) and lodging a proposed First Amended Complaint that complies with the Federal and Local Rules of Civil Procedure. *See Johnson v. Mammoth Recreations, Inc.,* 975 F. 2d 604, 610 (9th Cir. 1992); Fed. R. Civ. P. 16(b)(4).

Based on the foregoing,

**IT IS ORDERED** striking the Second Amended Complaint (Doc. 14) without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff show cause no later than **November 6, 2017** why his Complaint (Doc.1) as to Defendant Thomas should not be dismissed without prejudice for failure to serve pursuant to Fed. R. Civ. P. 4(m).

Dated this 23rd day of October, 2017.

*Eileen S. Willett*
United States Magistrate Judge