# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Walter C Goedecke,

        Plaintiff,

v.

Unknown Mooney, et al.,

        Defendants.

No. CV-16-03432-PHX-JAT (ESW)

**REPORT
AND RECOMMENDATION**

**TO THE HON. JAMES A. TEILBORG, SENIOR UNITED STATES DISTRICT COURT JUDGE:**

On October 7, 2016, pro se prisoner Walter C. Goedecke ("Plaintiff") filed a Civil Rights Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983. In the Notice of Assignment filed and electronically sent to Plaintiff on November 7, 2016, the Court advised Plaintiff that he must file a Notice of Change of Address if his address changes and that the failure to do so may result in the case being dismissed. (Doc. 4 at 2). Also on November 7, 2016, by General Order 14-17 (Doc. 5), the Plaintiff was advised this case is subject to electronic filing. It is assumed that Plaintiff received the Notice of Assignment and General Order as they were not electronically returned as undeliverable. On March 29, 2017, the Court issued an Order further advising Plaintiff of his obligation to file a notice of change of address (Doc. 6 at 9). That Order was not electronically returned as undeliverable.

On March 2, 2018, the Court issued an Order (Doc. 27) accepting and adopting the

U.S. Magistrate Judge's Report and Recommendation (Doc. 26).  On March 2, 2018, the Court received an electronic returned mail notification entitled "Undeliverable E-file for Inmate Walter Goedecke ADC #080048" (Doc. 28), stating "The attached E-file for Inmate Walter Goedecke ADC #080048 cannot be delivered because this inmate has been released from ADC custody." (*Id*.)

The Court thereafter issued an Order requiring the Plaintiff to show cause no later than March 23, 2018 why his case should not be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to comply with the Court's Orders and to prosecute the case. (Doc. 29 at 2).  On March 15, 2018, the Court received a second electronic returned mail notification entitled "Undeliverable E-file for Walter Goedecke ADC #080048," stating "The attached E-file addressed to Walter Goedecke ADC #080048 cannot be delivered because he has been released from ADC custody." (Doc. 30).

As of the date of filing this Report and Recommendation, the Plaintiff has not filed a response to the Court's Order (Doc. 29) as required, and the time to do so has passed. Nor has the Plaintiff filed a Notice of Change of Address.

**I. DISCUSSION**

Plaintiffs have the general duty to prosecute their case.  *See Fidelity Phila. Trust Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978) ("It is a well established rule that the duty to move a case is on the plaintiff and not on the defendant or the court.").  "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."  *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988).  A plaintiff's failure to keep the Court informed of his address constitutes a failure to prosecute.

Federal Rule of Civil Procedure 41(b) provides that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the

inherent power to dismiss a case sua sponte for failure to prosecute, even though the language of Federal Rule of Civil Procedure 41(b) appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a pleading for failure to prosecute even without notice or hearing. *Link*, 370 U.S. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to keep the Court informed of his current address prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The undersigned finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as adjudication upon the merits "[u]nless the dismissal order states otherwise." The Court may dismiss the case without prejudice.

Plaintiff was released from custody mid-March, 2018. He has not informed the Court of his new address despite having been ordered to do so. Mail to Plaintiff has been returned and cannot be forwarded. Plaintiff has abandoned his case. The undersigned will recommend dismissal of Plaintiff's Complaint (Doc. 1) without prejudice.

## II. CONCLUSION

For the reasons set forth herein,

**IT IS RECOMMENDED** that the Complaint (Doc. 1) be dismissed without prejudice for Plaintiff's failure to comply with the Court's Orders and to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a) (1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 10th day of April, 2018.

_____

Eileen S. Willett
United States Magistrate Judge

- 4 -